## Nevins, Inc., v. State Board of Pharmacy

*John H. Fertig*, *Morris Wolf*, and *Herbert B. Cohen*, for petitioner.

*Claude T. Reno*, Attorney General, and *William M. Rutter* and *George J. Barco*, Deputy Attorneys General, for defendants.

HARGEST, P. J., February 3, 1941.—In June 1940 plaintiff filed an application with the State Board of Pharmacy for a pharmacist's permit for the year July 1, 1940-June 30, 1941, for its store, no. 53 West Market St., in the City of York. On September 20, 1940, two months and 20 days after the beginning of the permit year, it was advised that the application had been refused on September 19, 1940, in the following language:

"After carefully considering all of the records in this case and all reports of investigation on file, the State Board of Pharmacy hereby resolves that for the protection of the public health and welfare, we deem the Nevins, Inc. not qualified to conduct pharmacies in this Commonwealth."

Thereupon this petition for mandamus was filed. A return was made in which certain allegations of the petition were denied. There was a demurrer to the return, and on December 13, 1940, a petition was filed for leave to amend the return.

*Facts*

The undisputed and undenied facts are:

In June 1939 an application for a permit was made by the Nevins Drug Company, then operating as a partnership, for the year 1939-40, which application was refused July 28, 1939, without a hearing. A mandamus was then presented to this court to no. 560, Commonwealth docket, 1939. While the proceeding was pending, hearings were held and the application again refused. The mandamus petition was then amended, reciting the additional facts and raising the question of the constitutionality of the statute and of the power exercised by the board. Defendant filed a motion to quash, which was refused by this court in an opinion, 49 Dauph. 145. Defendant was given 15 days to file a return. A new application was filed about June 1, 1940, by Nevins, Inc., which had succeeded to the business of Nevins Drug Company about May 1, 1940.

Paragraph 19 of the petition, admitted by the return, shows that the application contains the names of legally registered pharmacists who are being charged with the management of the proposed pharmacy and who are in the employ of petitioner; paragraph 23 of the return avers that the applicant is not entitled to conduct a pharmacy until it has qualified; paragraph 24 avers that the board deems the applicant not qualified to conduct such business; paragraph 25 avers that the board has acted reasonably and within its discretion and not contrary to the previous decision of this court, and that the board has discretion to determine the fact of such qualification.

The petition to amend asks leave "to amend its return in order that additional allegations may be pleaded and made a part of its return to more clearly establish the rights of defendant not to comply with the demands set forth in the writ of mandamus".

This is the sole allegation upon which the amendment is asked, except that "the matter at issue is of great importance to the public health and welfare, and that the

amending of the return will permit this matter to properly come to issue and allow it to be decided on its merits . . . and not on the matter of mere pleading".

Not a single fact is averred in the petition to amend, although many allegations of fact in the original petition are denied in the original return. The question before us is whether, even under the averment that this is a matter of great importance and should be decided on the merits, an amendment may be made without presenting a single fact to show what the merits will be.

Section 26 of the Act of June 8, 1893, P. L. 345, 12 PS §1948, provides that amendments in mandamus "may be allowed as in other civil actions". There should be in this character of proceeding the same liberality of amendment as in other proceedings, but there must be something to hang an amendment upon. The mere allegation by a party that he wants to amend "to more clearly establish the rights" so that he need not "comply with the demand set forth in the writ of mandamus" would not support an amendment in any kind of a legal proceeding. We know nothing about what defendant wants to aver in this case and we must take the case as it is presented to us.

Section 13 of the Mandamus Act of June 8, 1893, P. L. 345, 12 PS §1947, provides:

"If the return is uncertain, vague, or evasive or informal in any respect, such opportunity may be afforded for the correction thereof as to the court shall seem just and reasonable."

The original return in this case is neither uncertain, vague, evasive or informal. It raises clearly and in a clean-cut way the legal question as to the legality and constitutionality of the action of defendant. In order to secure the right to amend any pleading the court must be shown the substance of the amendment and that it will assert a substantial right, or the bases for a substantial right, to which the party thinks he is entitled. There is no such showing in this case, and we must treat this case as any other under the law applying to amendments.

Defendant has attached to its brief a number of pages of apparent results of investigations which on their face refer to various Nevins drug stores. Whether what these investigators found would be proper evidence to affect the rights of plaintiff we cannot now determine because they are certainly not properly before us.

It follows that the petition to amend the return must be refused.

As the pleadings present the case to us, the question is whether the State Board of Pharmacy acted illegally or unconstitutionally in the refusal to license the present plaintiff.

In the case formerly presented to us, reported in 40 D. & C. 215, the board refused to issue the permits, as stated in writing to counsel for petitioners:

"After carefully reviewing all of the facts relating to the Nevins Drug Company case the Board decided that the Nevins Drug Company is deemed 'Not Qualified' to receive a pharmacy permit and accordingly you are hereby notified of the Board's refusal to grant such a permit to them."

In the present proceeding the board's action is as follows:

"After carefully considering all of the records in this case and all reports of investigation on file, the State Board of Pharmacy hereby resolves that for the protection of the public health and welfare, we deem the Nevins, Inc. not qualified to conduct pharmacies in this Commonwealth."

In the former case we considered at length the unconstitutionality of the statute and of the action of the board, and it is not necessary to repeat our discussion here. The Act of May 26, 1921, P. L. 1172, provides in section 2:

"Upon application . . . the Pennsylvania Board of Pharmacy shall issue a permit to conduct a pharmacy to such persons, associations, copartnerships, or corporations, as the board deems qualified to conduct such business. . . . No permit shall be issued unless it appears to

the satisfaction of the board that the management of the pharmacy is in the charge of a pharmacist registered under the provisions of the act to which this is a supplement."

The board, neither in the former case nor in this one, predicated anything upon the fact that the pharmacy was not in charge of a registered pharmacist, and the question then decided, and now for decision again, is whether the words "as the board deems qualified to conduct such business" provide sufficient standards. In the former case, after reviewing the authorities at some length, we held that the act was not wholly unconstitutional, but said:

"It follows that there is no constitutional authority vested in the State Board of Pharmacy to refuse permits for any reason other than that which would be against a settled public policy inherent in our very frame and structure of government. It could not refuse upon some ground of policy which the Board deems should exist but which the legislature has not established."

The only difference between the original refusal to the Nevins Drug Company and this refusal to Nevins, Inc., is that the board has inserted that it resolves "for the protection of the public health and welfare, we deem the Nevins, Inc., not qualified." We may assume that in the first case the board thought it was acting "for the protection of public health and welfare" without saying it. With that assumption, the case resolves itself into the situation where the board has acted on the bald authority given in the statute that "we deem the Nevins, Inc. not qualified." If we were right in our previous opinion, it follows that the present mandamus must issue.

We have carefully considered the brief of defendant in reviewing our former decision. Referring to the proposition that section 2 of the Act of May 26, 1921, P. L. 1172, 63 PS §362, provides that "No permit shall be issued unless it appears to the satisfaction of the board that the management of the pharmacy is in the charge

of a pharmacist registered under the provisions of the act . . . ," the brief asks who is to determine the fact that the management of a pharmacy is in charge of a registered pharmacist. That is a prescribed negative standard and of course the board determines the fact. That question is not raised here, but what facts has the board found when it concludes that it deems an applicant not qualified? The board contends that because it said it considered all the records and reports of investigations on file, that is only another way of saying that it met the requirements set out in our opinion, namely, that to grant this license "would be against a settled public policy inherent in our very frame and structure of government." There is not a single fact found nor any information given as to what the records and reports contain. We do not say that if the board found the facts showing that it would be against a settled public policy to issue a license in any particular case it could not refuse so to do, but in the instant case, notwithstanding our view of the constitutional procedure given to the board, it chose to repeat its refusal without finding any facts.

Counsel for the board argues that the very use of the word "deems" presupposes consideration and deliberation on the part of the board. Be that as it may, on a judicial review, in the absence of any legislative standards, the board must show a constitutional right to refuse. Counsel also contend:

"A study of section 2 of the Act of May 26, 1921, P. L. 1172, supra, clearly indicates that the legislature intended that the board use its discretion in determining who was and who was not to be 'deemed qualified' to own or operate a pharmacy."

This is tantamount to arguing the unconstitutionality of the act. In our former opinion we held the act constitutional but the board's conduct under it illegal. The quotation is an assertion that we must give force to the act to the extent of vesting a discretion in the board to determine the qualifications without any standards. We

decline to strike down the act even though the language quoted in the board's argument, if adopted, would lead to that result.

In our former opinion we quoted at some length leading authorities holding that there must be a sufficient standard prescribed by the legislature to authorize an administrative board to exercise discretion and that it was not sufficient either to say or to assume that in the exercise of such discretion the board acted for the public good. To the authorities therein referred to we may add the case of Bell Telephone Company of Pennsylvania v. Driscoll et al., 227 Commonwealth docket 1937, opinion dated October 28, 1940, in which Judge Richards, speaking for this court, held that "a grant of power to a legislative body to decide which contracts between affiliated interests should be approved and which should not, would likewise be an unconstitutional delegation of legislative authority, in the absence of a proper standard to guide it."

For these reasons we hold that plaintiff is entitled to a peremptory mandamus.

And now, February 3, 1941, a peremptory mandamus is hereby directed to issue (unless the issuance thereof be formally waived) requiring the State Board of Pharmacy to issue a permit to Nevins, Inc., for the permit year ending June 30, 1941, for a pharmacy to be located at 53 West Market Street, in the City of York, Pa.